UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| EILEEN AGURCIA, ET AL., | ) |
| Plaintiffs, | ) Civil action No.: 19-CV-00038-JSM-SPF |
| v. | ) |
| REPUBLICA DE HONDURAS, INSTITUTO DE LA PROPIEDAD, EMPRESA NACIONAL DE ENERGIA ELECTRICA, | ) |
| Defendants. | ) |

**STATUS REPORT ON SERVICE PURSUANT TO**
**THE FOREIGN SOVEREING IMMUNITES ACT, 28 U.S.C. § 1608**

Plaintiffs Eileen Agurcia, et al., provide this Court with the following status report on service pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608:

1. This is an action filed pursuant to 28 U.S.C. §1605(a)(3), the FSIA's takings clause.

2. On April 5, 2019, this Court issued its Request for International Judicial Assistance. [DE-12-1]. The Court directed that a copy of the summons and complaint be served upon the Secretaria de Relaciones Exteriores de Honduras. *Id*. at 2. Upon service, the Court further requested that a copy of a certificate of service be signed and returned to the Court. *Id*.

3. Thereafter, Plaintiffs transmitted a copy of the Request for International Judicial Assistance [DE-12-1] along with the summons, complaint, and necessary translations to Crowe Foreign Services ("Crowe"), for service pursuant to 28 U.S.C. §1608.

4. On May 13, 2019 and pursuant to 28 U.S.C §1608(a)(4), Crowe forwarded the Request for International Judicial Assistance, Amended Summons in a Civil Action, Complaint, and Spanish translations, through the appropriate diplomatic channels to be properly served in

Honduras.  *See* Declaration of Celeste Ingalls at ¶7, a true and correct copy of which is attached as Exhibit "A".

5. In her declaration, Ms. Ingalls explains that the U.S. Department of State has designated the consular representative at the U.S. Embassy in Honduras "to receive requests for the service of judicial documents in Honduras in response to a letter rogatory from the United States Department of State and forward to the appropriate Honduras judicial/governmental authorities, who will route the documents to a local Honduras court for service."  *See* Ingalls Decl. at ¶4.

6. Pursuant to 28 U.S.C. §1608(d), a sovereign defendant is given sixty days to respond.  *See also* Ingalls Decl. at ¶6.  However, the courts of Honduras "are not obliged to provide status on the progress of their efforts to serve . . .," *id.* at ¶8, and [t]here is no obligatory time frame for effecting service by letter rogatory request," *id.* at ¶9.

7. According to Crowe, "service in Honduras in response to a letter rogatory can take more than one year to effect, but could take as much as 2 years or longer because it is ultimately up to the Honduran government and courts." *See* Ingalls Decl. at ¶10.

8. Nevertheless, pursuant to 28 U.S.C. §1608(c)(1), service "shall be deemed to have been made in the case of service under subsection (a)(4) as of the date of transmittal indicated in the certified copy of the diplomatic note."

9. Upon receipt of a certified copy of the aforementioned diplomatic note confirming the date of service, Plaintiffs will further update the Court.

WHEREFORE, Plaintiffs Eileen Agurcia, et al. file this status report on international service.

Dated: July 9, 2019.

          Respectfully submitted,

          **ALVAREZ | GONZALEZ | MENEZES, LLP**

By:   /s/ Carlos F. Gonzalez
        Florida Bar No. 494631
        One Flagler Building
        14 N.E. 1st Avenue
        Suite 1105
        Miami, Florida 33132
        T. (305) 723-1876
        F. (786) 475-7832
        Email: cfg@algofirm.com

        *Attorneys for Plaintiffs*
        *Eillen Agurcia, et al.*