UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EILEEN AGURCIA, et al.,

    Plaintiffs,

vs.                                 Case No. 8:19-cv-00038-JSM-SPF

REPÚBLICA DE HONDURAS, INSTITUTO
DE LA PROPIEDAD, and EMPRESA
NACIONAL DE ENERGÍA ELÉCTRICA,

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONDUCT JURISDICTIONAL DISCOVERY

Robert K. Jamieson
FBN 0072018
rjamieson@wiandlaw.com
WIAND GUERRA KING P.A.
5505 West Gray Street Tampa, FL 33609
Tel: (813) 347-5110

Juan C. Basombrio,
basombrio.juan@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626-7655
Tel: (714) 800-1405

Mark S. Sullivan
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019-6119
Tel: 212-415-9245
Sullivan.mark@dorsey.com

Richard Greiffenstein, FBN 0058948
greiffenstein.richard@dorsey.com
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 492-6613

*Attorneys for the Defendants*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND RELEVANT TO THIS MOTION .......................2

III. ARGUMENT..........................................................................................................5

    a. The Court Lacks Subject Matter Jurisdiction Because No Exception to Immunity Applies ..................................................................5

    b. The Defendants are Foreign States Entitled to FSIA Immunity ..................5

    c. In FSIA Cases, Jurisdictional Discovery Should Be Ordered Circumspectly and Limited to Facts Crucial to an Immunity Determination ..............................................................................................6

    d. Plaintiffs Have Failed to Identify "Crucial" Facts That Could Overcome the Defendants' Immunity and Cure the Court's lack of Jurisdiction under the FSIA .........................................................................7

    e. Plaintiffs Improperly Seek General Discovery Not Crucial To Immunity Determinations......................................................................10

IV. CONCLUSION....................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Africa Growth Corp. v. Republic of Angola*,
  No. 19-21995-CIV, 2019 WL 6273387 (S.D. Fla. November 25, 2019) ...........................7

*Allen v. Gold Country Casino*,
  464 F.3d 1044 (9th Cir. 2006) ......................................................................................9

*Argentine Rep. v. Amerada Hess Shipping Corp.*,
  488 U.S. 428 (1989)......................................................................................................5

*Arriba Ltd. v. Petroleos Mexicanos*,
  962 F.2d 528 (5th Cir. 1992) ......................................................................................10

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ....................................................................................12

*Box v. Dallas Mexican Consulate General*,
  487 Fed. Appx. 880 (5th Cir. 2012)............................................................................10

*Butler v. Sikhoi Co.*,
  579 F.3d 1307 (11th Cir. 2009) ..............................................................................9, 10

*Comparelli v. Rep. Bolivariana De Venezuela*,
  891 F.3d 1311 (11th Cir. 2018) ...............................................................................4, 13

*EM Ltd. v. Republic of Argentina*,
  473 F.3d 463 (2d Cir. 2007)..........................................................................................2

*Furry v. Miccosukee Tribe of Indians of Florida*,
  No. 10-24525-CIV, 2011 WL 1303281 (S.D. Fla. Mar. 31, 2011) .............................8, 9

*Furry v. Miccosukee Tribe of Indians of Florida*,
  No. 10-24525-CIV, 2011 US Dist LEXIS 75581(S.D. Fla. July 13, 2011)
  *aff'd* 685 F.3d 1224 (11th Cir. 2012); *cert. den.*, 568 U.S. 1028 (2012) .............................9

*Hansen v. PT Bank Negara Indonesia (Persero), TBK*,
  601 F.3d 1059 (10th Cir. 2010) ....................................................................................6

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
  213 F.3d 841 (5th Cir. 2000) ........................................................................................2

*Licea v. Curacao Drydock Co., Inc.*,
  870 F. Supp. 2d 1360 (S.D. Fla. 2012) ...............................................................8, 9, 10

*OBB Personenverkehr AG v. Sachs*,
  __ U.S.__, 136 S. Ct. 390 (2015)..................................................................................5

*Packsys, S.A. de C.V. v. Exportadora de Sal, S.A. de C.V.*,
  899 F.3d 1081 (9th Cir. 2018) ................................................................................6, 10

*Rubin v. The Islamic Republic of Iran*,
    637 F.3d 783 (7th Cir. 2011) ........................................................................................6

*S & Davis Intern., Inc. v. Rep. of Yemen*,
    218 F.3d 1292 (11th Cir. 2000) ....................................................................................5

*Saudi Arabia v. Nelson*,
    507 U.S. 349 (1993) ................................................................................................5, 6

*Sequeira v. Republic of Nicar.*,
    No. 16-25052-CIV, 2019 U.S. Dist. LEXIS 32244 (S.D. Fla. Jan. 10,
    2019) ..........................................................................................................................10

*Telchi v. Isr. Military Indus.*,
    739 F. App'x 514 (11th Cir. 2017) ...............................................................................5

*Trigeant Ltd. v. Petroleos de Venezuela S.A.*,
    No. 08-80584-CIV, 2010 WL 11505968 (S.D. Fla. January 5, 2010) ....................6, 10

**Statutes**

Foreign Sovereign Immunities Act,
    28 U.S.C. §§ 1602, *et seq*........................................................1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 13

28 U.S.C. §1603................................................................................................................12

28 U.S.C. § 1604................................................................................................................5

28 U.S.C. § 1605(a)(3).................................................................................................1, 3, 4

28 U.S.C §1609..................................................................................................................8

28 U.S.C §1610(a)(2).........................................................................................................8

Defendants República de Honduras ("Republic"), Instituto de la Propiedad ("IP") and Empresa Nacional de Energía Eléctrica ("ENEE") (collectively, "Defendants") submit this memorandum of law in opposition to Plaintiffs' Motion to Conduct Limited Jurisdictional Discovery (Doc. 31).

## I.     INTRODUCTION

This suit is governed by the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602, *et seq*. ("FSIA").  Defendants are a foreign state and its instrumentalities and therefore immune from this suit under the FSIA because none of the specified exceptions to sovereign immunity apply.  Because Defendants have foreign sovereign immunity, the Court lacks subject matter jurisdiction and the Complaint must be dismissed.

On February 10, 2020, Defendants filed a motion to dismiss the complaint on the basis of the FSIA and other grounds. (Doc. 19).  Plaintiffs allege a single exception to sovereign immunity—the expropriation exception set forth in section 1605(a)(3).  The motion to dismiss and supporting memorandum of law detailed why this exception to immunity does not apply, as a matter of law.  Plaintiffs previously requested, and Defendants consented to, two extensions of time to respond to the motion to dismiss.  (Doc. 25, 29).  Several days before the most recent deadline, Plaintiffs filed a motion to further extend their time to respond and this motion for jurisdictional discovery.

While Plaintiffs characterize their motion as one for "limited jurisdictional discovery," it is not.  Instead, the motion seeks far ranging general discovery that includes testimonial discovery of three witnesses and documentary discovery spanning twelve broad categories. *See* Plaintiffs' Memorandum ("Plts' Mem.") at 12-13 (Doc. 31).  These categories encompass

1

the relationship between the Defendants, certain government policies and procedures, the commercial activities of IP and ENEE as well as their affiliates, subsidiaries, partners or joint venturers and various other "specific claims" that Plaintiffs argue will yield facts to establish the expropriation exception to immunity. *Id.*

However, Plaintiffs' requested discovery disregards the well-established legal principle that foreign sovereign immunity serves, in part, to protect foreign states and their instrumentalities from the burdens of litigation including discovery—"FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." *See e.g., EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007) (*citing Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000)).

Accordingly, the Plaintiffs' motion for discovery should be denied because they have failed to identify what "crucial" facts they could establish by discovery that would defeat the Defendants' motion to dismiss on FSIA grounds. This conclusion is all the more justified here because the allegations of the Complaint are patently insufficient to establish subject matter jurisdiction.

    II.    **FACTUAL BACKGROUND RELEVANT TO THIS MOTION**

Plaintiffs allege they are mostly American "investors" in a real estate development project in Honduras – the Honduras Development Project or "HDP." Complaint ¶¶ 2 and 159 (Doc. 1). They define the HDP as the "overall project" in Honduras (*id.* ¶ 3) and allege that the HDP "purchased the land" and "made improvements." *Id.* ¶ 128. The Complaint *does not allege that Plaintiffs are owners of the properties in the HDP*. Plaintiffs allege they "invested"

2

through "different vehicles" without identifying these vehicles. *Id*. ¶ 2. The developers are a now inactive Florida corporation, DSA, and a Honduran company, Vision Communities (*id*. ¶ 125) neither of which is a party to this action.

The Complaint alleges that "[b]eginning in 2012, a group acting as an umbrella organization for various [Honduran] social and political movements, known as the Confederación Nacional de Federaciones de Patronatos de Honduras (CONAFEPH), caused thousands of squatters to occupy large tracts of privately-owned lands surrounding the [HDP]." Complaint ¶ 4. CONAFEPH is not a government entity. Plaintiffs *do not have legal rights in the occupied lands*. Those property owners are not parties here. Plaintiffs claim the squatters' occupation of adjacent lands caused "negative impacts" on the HDP, like the lowering of values. *Id*. ¶ 9.

The Complaint alleges that IP is the government entity responsible for overseeing real property. *Id*. ¶ 117. ENEE is the national power company. *Id*. ¶ 118. Plaintiffs claim that the Defendants "supported the squatters by allowing them to develop the occupied lands and file frivolous petitions for expropriation which effectively barred the private land owners [not Plaintiffs] from enforcing ejectment actions entered by the Honduran courts." *Id*. ¶ 11. Plaintiffs allege that ENEE provided the squatters electricity. *Id*. ¶ 7. Plaintiffs also take issue with Honduran policies towards squatters. *Id*. ¶ 180.

Plaintiffs allege a single exception to immunity—the expropriation exception set forth in section 1605(a)(3). Complaint. ¶ 120 (Doc. 1). That exception provides:

> "(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case – … (3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in

3

connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in commercial activity in the United States."

28 U.S.C. § 1605(a)(3).

There are four requirements for the expropriation exception to apply: "(1) that rights in property are at issue; (2) that property was taken; (3) that the taking was in violation of international law; and (4) that at least one of the two statutory nexus requirements are satisfied." *See Comparelli v. Rep. Bolivariana De Venezuela*, 891 F.3d 1311, 1319 (11th Cir. 2018) (citations omitted).

As explained in Defendants' motion to dismiss the Complaint, none of the essential four requirements for the expropriation exception to apply are met.

- Plaintiffs are investors in the HDP but do not claim to be owners of properties in the HDP. As alleged in the Complaint, HDP "purchased the land" and "made improvements." (Doc. 1 ¶ 128). Plaintiffs also do not own the adjacent occupied lands. Plaintiffs thus lack rights in the property at issue.

- The HDP has not been taken by anyone. Defendants have not "expropriated" the HDP or the adjacent lands. To the extent that Plaintiffs claim their investment in the HDP decreased in value because of the presence of squatters on adjacent land, that decrease does not constitute an "expropriation" as the term is used in the FSIA case law. Without an expropriation, there can be no application of the FSIA's "expropriation" exception.

- There has been no violation of international law because the Defendants have not taken Plaintiffs' property.

- The nexus requirement is not satisfied because the property in question (the HDP) is neither (a) 'present in the United States in connection with a commercial activity carried on in the United States by the foreign state'; nor (b) 'owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States.' *Comparelli*, 891 F.3d at 1319 (citation omitted). While the Complaint

4

> never clearly identifies the owner, there is no allegation that IP or ENEE owns or operates the HDP.

(Doc. 19 at 5-14).

### III. ARGUMENT

#### a. The Court Lacks Subject Matter Jurisdiction Because No Exception to Immunity Applies

The FSIA provides the "sole basis for obtaining jurisdiction over a foreign state," and applies in "every action against a foreign sovereign, since subject matter jurisdiction in any action depends on the existence of . . . specified exceptions." *Argentine Rep. v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434-435 (1989). "[A] foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). "To establish subject matter jurisdiction under the FSIA, a plaintiff must overcome the presumption that the foreign state is immune from suit in the United States' courts." *S & Davis Intern., Inc. v. Rep. of Yemen*, 218 F.3d 1292, 1300 (11th Cir. 2000). The FSIA "shields foreign states and their agencies from suit in United States courts unless the suit falls within one of the Act's specifically enumerated exceptions." *OBB Personenverkehr AG v. Sachs*, __ U.S.__, 136 S. Ct. 390, 392 (2015). The exceptions to jurisdictional immunity are set forth in section 1605 of the FSIA.

#### b. The Defendants are Foreign States Entitled to FSIA Immunity

The Complaint acknowledges that each of the Defendants is a foreign state as the term is defined in the FSIA. (Doc. 1 ¶120). Thus, Defendants are presumptively immune. 28 U.S.C. § 1604 ("a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 …"); *Telchi v. Isr. Military Indus.*,

5

739 F. App'x 514, 515 (11th Cir. 2017) ([i]t is well-established that 'a foreign state is presumptively immune from the jurisdiction of United States courts.") (*quoting Saudi Arabia*, 507 U.S. at 355).

### c. In FSIA Cases, Jurisdictional Discovery Should Be Ordered Circumspectly and Limited to Facts Crucial to an Immunity Determination

Under the FSIA, it is well-established that there is no general discovery until after the defense of foreign sovereign immunity has been finally adjudicated. *See e.g., Rubin v. The Islamic Republic of Iran*, 637 F.3d 783, 795 (7th Cir. 2011) ("it is widely recognized that the FSIA's immunity provisions aim to protect foreign sovereigns from the burdens of litigation, *including the costs and aggravations of discovery*") (emphasis added); *Hansen v. PT Bank Negara Indonesia (Persero), TBK*, 601 F.3d 1059, 1063 (10th Cir. 2010) ("The immunity provided under the FSIA protects foreign sovereigns from all the burdens of litigation, *including the general burden of responding to discovery requests*.") (emphasis added); *Packsys, S.A. de C.V. v. Exportadora de Sal, S.A. de C.V.,* 899 F.3d 1081, 1094 (9th Cir. 2018) ("Because of the "delicate balance between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or a sovereign agency's legitimate claim to immunity from discovery," jurisdictional discovery in FSIA cases "should be ordered circumspectly and only to verify allegations of specific facts *crucial* to an immunity determination.") (emphasis added).

Federal courts in the Eleventh Circuit follow this same view. Under the FSIA, pending a motion to dismiss, the only discovery permitted is jurisdictional discovery if required to verify facts "crucial" to the foreign sovereign immunity determination, and such discovery must be requested from and ordered by the Court. *See e.g., Trigeant Ltd. v. Petroleos de*

6

*Venezuela S.A.*, No. 08-80584-CIV, 2010 WL 11505968 at *3 (S.D. Fla. January 5, 2010) ("In regards to jurisdictional discovery under the FSIA the Court adhered to a *well-established principle* that it should be ordered circumspectly and only to verify allegations of specific facts *crucial* to an immunity determination.") (emphasis added); *Africa Growth Corp. v. Republic of Angola*, No. 19-21995-CIV, 2019 WL 6273387 at *4 (S.D. Fla. November 25, 2019) ("Plaintiff's motion [for jurisdictional discovery] is DENIED because any jurisdictional discovery that Plaintiff seeks *could not cure* the fact that the Court lacks jurisdiction under the FSIA.") (emphasis added).

These precedents set forth significant limitations on the availability of discovery prior to the adjudication of the FSIA motion to dismiss. To begin with, discovery is generally barred. It is the Plaintiffs' burden to establish their right to the requested discovery. Plaintiffs must identify specific facts that are "crucial" to the immunity adjudication – meaning, facts that could overcome the Defendants' foreign sovereign immunity and "cure" the Court's lack of jurisdiction under the FSIA.

Here, Plaintiffs' motion fundamentally fails to satisfy these requirements, and should therefore be denied.

### d. Plaintiffs Have Failed to Identify "Crucial" Facts That Could Overcome the Defendants' Immunity and Cure the Court's Lack of Jurisdiction Under the FSIA

Plaintiffs' Memorandum incorrectly argues that the FSIA authorizes limited discovery when the complaint makes a prima facie showing that sovereign immunity does not apply. (Doc. 31 at 7). As an initial matter, in making this argument Plaintiffs confuse jurisdictional

7

immunity of section 1605 with execution immunity of section 1610.[1] They state that to overcome immunity, they "must demonstrate that their claims fall within one or more of the exceptions set forth in *28 U.S.C §1610(a)(2)*." *Id*. (emphasis added). Section 1610 does not apply because execution immunity is not at issue here (at this point, no judgment has been entered and Plaintiffs are not seeking to execute a judgment against assets of the foreign state). The Court is being asked to rule only on jurisdictional immunity – that is, on its subject-matter jurisdiction. Plaintiffs cite *Licea v. Curacao Drydock Co., Inc.*, 870 F. Supp. 2d 1360, 1366 (S.D. Fla. 2012) for the proposition that a prima facie showing of an exception to immunity warrants jurisdictional discovery. But *Licea* is inapposite because it discusses the immunity of foreign state's property from attachment or execution under Section 1610. 870 F. Supp.2d at 1365-66.

Plaintiffs' citations of *Furry v. Miccosukee Tribe of Indians of Florida*, No. 10-24525-CIV, 2011 WL 1303281 (S.D. Fla. Mar. 31, 2011), is also not helpful. They contend that *Furry* "illustrates the degree to which the movant must plead a prima facie case." (Doc. 31 at 9-10). The decision by the Magistrate Judge granted a motion to conduct discovery because the plaintiff "alleged facts in his complaint, which if substantiated through discovery, could assist the Court in determining whether an exception to the FSIA applies." *Id*. at *3. But this decision erroneously applied the FSIA to a claim involving an Indian tribe. As made clear by the subsequent decision by the District Court to dismiss the complaint for lack of subject matter

---

[1] The FSIA also provides foreign states with execution immunity, which prohibits the attachment and execution of property in the United States of a foreign state. 28 U.S.C §1609. The specified exceptions to execution immunity are set forth in Section 1610.

8

jurisdiction and reject the request to conduct discovery, the jurisdictional issue of tribal sovereign immunity is not governed by the FSIA.  *See Furry v. Miccosukee Tribe of Indians of Florida*, No. 10-24525-CIV, 2011 US Dist LEXIS 75581 at *5-6, 16 (SD Fla July 13, 2011), *aff'd* 685 F. 3d 1224 (11th Cir. 2012); *cert. den.*, 568 U.S. 1028 (2012).  *See also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("The [Foreign Sovereign Immunities] Act specifies exceptions to the immunity of a foreign state, *see* §1605(a), which the Tribe is not. . . .  There is simply no room to apply the FSIA by analogy.")  But, in addition to analyzing the jurisdictional issue under the wrong law, the *Furry* decision relied upon by the Plaintiffs should also be disregarded because it offers no analysis of why limited discovery would be warranted.

*Furry* is the sole case cited by Plaintiffs in which jurisdictional discovery was allowed.  Perhaps more critical than Plaintiffs' misplaced reliance on *Licea* and *Furry*, however, is their failure to identify specific facts that are "crucial" that could overcome the Defendants' foreign sovereign immunity and "cure" the Court's lack of jurisdiction under the FSIA.  As noted by the *Butler* Court, "[b]ecause the complaint's alter-ego allegation, if proven through additional discovery, *would not demonstrate a basis for jurisdiction in any event*, we have little difficulty concluding that the need to protect appellants' claim to immunity from discovery *greatly outweighed* any competing need for further discovery." *Butler v. Sikhoi Co.*, 579 F.3d 1307, 1314-1315 (11th Cir. 2009) (emphasis added).  Here too, the FSIA policies protecting the Defendants from the burdens of discovery outweigh the Plaintiffs' request for discovery based on their failure to identify the required crucial facts.

9

### e. Plaintiffs Improperly Seek General Discovery Not Crucial To Immunity Determinations

Notably, Plaintiffs even acknowledge the requirement that discovery is permitted only when necessary to "verify allegations of *specific facts crucial* to an immunity determination." (Doc. 31 at 8) (*citing Licea*, 870 F. Supp. 2d at 1366 and *quoting Arriba Ltd. v. Petroleos Mexicanos,* 962 F.2d 528, 534(5th Cir. 1992)) (emphasis added).

Rather than identifying those specific crucial facts, however, Plaintiffs claim to need discovery "to verify those factual allegations that are the linchpins to Defendants' motion to dismiss." (Doc. 31 at 12). But this general pronouncement about needing to verify "linchpin" factual allegations is too vague, general and broad to satisfy the requirement that discovery be limited to verifying facts "crucial" to the immunity determination. *See Packsys*, 899 F.3d at 1094 (plaintiff's request did not identify any "specific facts crucial to an immunity determination" that it wished to verify); *Trigeant*, 2010 WL 11505968 at *3 ("Trigeant had failed to allege specific facts, that if verified through jurisdictional discovery, would have established an exception to immunity."); *Sequeira v. Republic of Nicar.*, No. 16-25052-CIV, 2019 U.S. Dist. LEXIS 32244, at *4 (S.D. Fla. Jan. 10, 2019) ("jurisdictional discovery from a foreign state is 'ordered circumspectly and *only to verify allegations of specific facts* crucial to an immunity determination.'") (quoting *Butler*, 579 F.3d at 1314). As instructed by *Box v. Dallas Mexican Consulate General*, 487 Fed. Appx. 880, 884 (5th Cir. 2012), a case cited by Plaintiffs, an example of a discrete issue appropriate for specific discovery is whether there was an actual authorization to purchase a consulate building, which would establish jurisdiction if true. Nothing even close to this sort of specific crucial fact showing has been made by Plaintiffs here.

Plaintiffs seek to depose Juan Jose Cruz and Jose Noe Cortez Moncada, both of whom submitted declarations in support of the Defendants' motion to dismiss. The stated rationale for these depositions is to develop grounds for demonstrating the four elements needed to invoke the expropriation exception to sovereign immunity. (Doc. 31 at 2). Generally stating that you seek to develop grounds is not equal to stating what specific facts you expect to uncover and how those facts will change the jurisdictional determination in your favor. Instead, Plaintiffs cite to their own Complaint to show what they have alleged—but whether you can link the requested discovery to allegations in your complaint is not the test. Plaintiffs have failed to show what specific "facts" they can discover that "could cure" the presumed lack of jurisdiction under the FSIA. *Id*. at 10-12. In essence, Plaintiffs are not disputing jurisdictional facts but arguing the legal adequacy of the facts they have already alleged. These are legal, not factual, issues for which the present record is sufficient for the Court to rule.

Plaintiffs further argue that Mr. Cruz provides no foundation for statements relevant to Defendants' jurisdictional arguments. *Id*. at 3-4. Even if this were so, the lack of a proper foundation is a legal argument that Plaintiffs are capable of making without resort to jurisdictional discovery. Plaintiffs also fail to explain how discovery of the foundation for Mr. Cruz's role in and direct knowledge of the operations of ENEE would be crucial to the expropriation exception to sovereign immunity. These foundation arguments do not fall within the narrow band of limited discovery crucial to jurisdiction.

Plaintiffs also claim that statements in the Cruz declaration about ENEE's corporate structure and its autonomy from the Republic are relevant to Defendants' jurisdictional argument. (Doc. 31 at 4). But the Complaint acknowledges that ENEE is "an agency or

instrumentality of Honduras as that term is defined in 28 U.S.C. §1603. . . ." (Doc. 1 ¶118). The definition in section 1603(b) of the FSIA states in relevant part that an agency or instrumentality of a foreign state means any entity that "is a separate legal person, corporate or otherwise." Therefore, there is no dispute that ENEE is a separate legal person, so Plaintiffs do not need discovery on this issue.

Nor is there a valid argument for deposing Mr. Cruz to ask about "affiliates, subsidiaries, partners, or joint venturers, whom may be acting as the company's alter ego and have dealings in the United States." *Id*. at 4. This is a textbook "fishing expedition" hoping to stumble upon a fact to create jurisdiction where none current exists. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("The denial of Boschetto's request for discovery, which was based on little more than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion.").

Plaintiffs press the point that Mr. Cruz must explain why "[i]t would be unduly inconvenient to litigate this dispute in the federal court of the United States." *Id*. at 5. While this may be relevant to a forum non conveniens analysis, it has nothing to do with subject-matter jurisdiction under the FSIA and does not provide a basis for discovery until after the immunity issue has been adjudicated.

The stated reasons for the deposition of Mr. Cortez fare no better. Plaintiffs' Memorandum argues that IP's "actual organization" undermines its status as a separate juridical person. (Doc. 31 at 5-6). This argument goes nowhere. Plaintiffs allege that IP is a foreign state. (Doc. 1 ¶¶ 117, 120). Under the nexus requirement of the expropriation exception, in the case of a foreign state, the property at issue must be present in the United

States in connection with a commercial activity carried on in the United States by the foreign state. *See Comparelli*, 891 F.3d at 1319. Clearly, the HDP is not present in the United States. Plaintiffs do not allege that IP is an agency or instrumentality of a foreign state. Therefore, the nexus requirement addressed to an agency or instrumentality of the foreign state, including whether the agency or instrumentality engaged in commercial activity in the United States, is inapplicable and cannot be the basis for jurisdictional discovery.

As with Mr. Cruz, Plaintiffs repeat the reference to "affiliates, subsidiaries, partners, or joint venturers, whom may be acting as the company's alter ego and have dealings in the United States." *Id*. at 6. But as noted, Plaintiffs allege only that IP is a foreign state, so there is an additional reason why fishing for jurisdictional evidence about related corporate entities is not proper and should be denied. Similarly, the purported need to depose Mr. Cortez about forum non conveniens issues is not relevant to the FSIA analysis presented by the motion to dismiss.

Finally, the twelve bullet points of areas of discovery sought by Plaintiffs demonstrate and confirm the expansive general discovery they actually seek. (Doc. 31 at 12-13). These twelve areas encompass the relationship between the Republic, IP and ENEE, certain policies of the Republic, the policies and procedures of IP and ENEE, the commercial activities of IP and ENEE as well as their affiliates, subsidiaries, partners or joint venturers and various other unspecified "specific claims" that Plaintiffs contend will yield facts to establish the application of the expropriation exception. None of this is appropriate. Again, the Plaintiffs do not seem to appreciate that the legal precedents mandate that they must identify specific crucial facts that they expect to discover. General discovery of this sort is not necessary to "verify

allegations of specific facts crucial to an immunity determination" and therefore should be denied.

The Defendants filed their motion to dismiss on February 10, 2020. Plaintiffs have had nearly three months to figure out what specific crucial facts they need to discover – and have failed to do so. Instead, two working days before their final extension to respond to the Complaint was to expire, they filed this motion with a general "wish list" of areas of discovery.

Taking into consideration the Plaintiffs' burden and their failure to meet that burden, as well as the Defendants' rights to be protected from discovery prior to adjudication of the motion to dismiss, the balance weighs decisively in favor of denying their motion for discovery.[2]

## IV. CONCLUSION

Accordingly, Defendants respectfully request that the Plaintiffs' motion for jurisdictional discovery be denied in all respects and that the Plaintiffs be directed to respond to Defendants' Motion to Dismiss the Complaint.

---

[2] If Plaintiffs seek leave and are granted the opportunity to file a reply, the Court should disregard any additional facts raised for the first time on reply, as Defendants would be deprived of the opportunity to respond.

Dated: April 30, 2020.

Respectfully submitted,

Robert K. Jamieson
FBN 0072018
WIAND GUERRA KING P.A.
5505 West Gray Street
Tampa, FL 33609
Tel: (813) 347-5110
rjamieson@wiandlaw.com

Juan C. Basombrio,
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626-7655
Tel: (714) 800-1405
basombrio.juan@dorsey.com

Mark S. Sullivan
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019-6119
Tel: 212-415-9245
Sullivan.mark@dorsey.com

Richard Greiffenstein
FBN 0058948
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 492-6613
greiffenstein.richard@dorsey.com

*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.

s/ Robert K. Jamieson
Attorney
