UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EILEEN AGURCIA, et al.,

    Plaintiffs,

v.                                                          Case No. 8:19-cv-38-TPB-SPF

REPUBLICA DE HONDURAS, INSTITUTO
DE LA PROPIEDAD, and EMPRESA
NACIONAL DE ENERGIA ELECTRICA,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on "Defendants' Motion to Dismiss the Amended Complaint and Memorandum of Law in Support Thereof," filed July 14, 2021. (Doc. 76). Plaintiffs filed their response in opposition on August 16, 2021. (Doc. 80). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Factual Background[1]**

Plaintiffs, nearly one hundred United States citizens, filed this action against Republica de Honduras ("Honduras") and two of its subdivisions or agencies – the national power company Empresa Nacional de Energia Electrica ("National Electric

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Energy Company") and the state property institute, Instituto de la Propiedad ("Property Institute"). Plaintiffs invested in a real estate development project (the "Honduras Development Project" or the "project") in San Pedro Sula, Honduras. The project was planned to include approximately 420 middle-income homes, along with offices and retail space, on nearly eighty acres of land, and it was financed by approximately $4,000,000 in direct investment, including both equity and debt.

In 2012, a non-governmental populist political group led thousands of squatters to occupy the land surrounding the project. The group, known as the Confederación Nacional de Federaciones y Patronatos de Honduras ("CONAFEPH"), is an umbrella organization that advocates for the transfer of private property to low-income individuals. The squatters established a make-shift city on the surrounding lands, building homes and roads. Plaintiffs allege that the squatters filed frivolous petitions with the Property Institute seeking to obtain title to the occupied land. Although the Property Institute denied the petitions, Plaintiffs allege that the Property Institute assisted the squatters by not denying them more promptly. Plaintiffs allege that the National Electric Energy Company assisted the squatters by permitting them to connect and take electricity from the power plant. Plaintiffs claim the squatters' presence has caused their investment to be significantly devalued. Plaintiffs also allege that the National Electric Energy Company assisted the squatters by permitting them to connect and take electricity from the power plant. Plaintiffs claim the squatters' presence has caused their investment to be significantly devalued.

**Procedural Background**

On January 7, 2019, Plaintiffs filed a complaint, asserting three claims for relief: (1) taking in violation of international law (Count I), (2) conversion (Count II), and (3) civil conspiracy (Count III). Plaintiffs alleged that jurisdiction is conferred under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et. seq*.

On June 17, 2021, the Court dismissed the complaint after concluding that Plaintiffs failed to establish subject matter jurisdiction. (Doc. 76). In an abundance of caution, the Court granted leave to file an amended complaint. Plaintiffs filed their amended complaint on July 1, 2021. On July 14, 2021, Defendants moved to dismiss the amended complaint with prejudice.

**Legal Standard**

"Questions of subject matter jurisdiction may be raised at any time." *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016). Under Rule 12(b)(1), the party invoking federal jurisdiction bears the burden of establishing the district court's subject matter jurisdiction. *See, e.g.*, *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A party may attack subject matter jurisdiction through a facial attack or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks . . . 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529). Alternatively, "[f]actual attacks challenge

'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside of the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529). In this case, Defendants have presented a factual attack on the Court's subject matter jurisdiction.

"The FSIA is 'the sole basis for obtaining jurisdiction over a foreign state in our courts.'" *Comparelli v. Republica Bolivariana de Venezuela*, 891 F.3d 1311, 1319 (11th Cir. 2018) (quoting *Mezerhane v. Republica Bolivariana de Venezuela,* 785 F.3d 545, 548 (11th Cir. 2015)). "Under the FSIA, 'a foreign state is immune from the jurisdiction of the United States unless an FSIA statutory exemption is applicable.'" *Id.* (quoting *Calzadilla v. Banco Latino Internacional*, 413 F.3d 1285, 1296 (11th Cir. 2005)). The district court lacks subject matter jurisdiction if no applicable exception exists. *Id.* (citing *Verlinden B.V. v. Cen. Bank of Nigeria*, 461 U.S. 480, 489 (1983)). Because the basic objective of foreign sovereign immunity is "to free a foreign sovereign from suit," courts consider and resolves these issues at the earliest stage of the proceedings as reasonably possible. *See Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1316-17 (2017).

A plaintiff bears the burden of overcoming this presumption by producing evidence that the defendant's conduct falls within one of these exceptions. *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312-13 (11th Cir. 2009). If the plaintiff overcomes this presumption the burden shifts to the defendant to prove – by a preponderance – that plaintiff's claims do not fall within that exception. *See id.* at 1313.

A district court must generally permit a plaintiff at least one opportunity to amend to cure a complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotations and citation omitted).

## Analysis

In their motion, Defendants argue that the amended complaint should be dismissed with prejudice because Plaintiffs have failed to cure the defects identified in the Court's prior Order. The Court previously dismissed the complaint because Plaintiffs failed to establish subject matter jurisdiction under the FSIA's takings exception. Specifically, the Court found that Plaintiffs failed to show that a taking violating international law occurred. The Court further found that Plaintiffs failed to identify a commercial nexus sufficient to establish jurisdiction

Upon review, the Court finds that Plaintiffs have again failed to sufficiently allege a basis for subject matter jurisdiction and have been unable to correct the defects noted in the previous order of dismissal. Because Plaintiffs have already been granted an opportunity to amend their claims and have failed to cure the deficiencies, the Court dismisses the amended complaint with prejudice. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Dismiss the Amended Complaint and Memorandum of Law in Support Thereof" (Doc. 76) is hereby **GRANTED**.

(2) The amended complaint (Doc. 75) is **DISMISSED WITH PREJUDICE**.

(3) The Clerk is directed to terminate any pending motions or deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of August, 2021.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**